**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JEROME GRANT, II | * | |
| Plaintiff | * | |
| v | * | Civil Action No. GLR-16-4094 |
| NATIONSTAR MORTGAGE, | * | |
| DIANE S. ROSENBERG, | | |
| MARK M. MEYER, | * | |
| JOHN A. ANSELL, III, | | |
| KENNETH SAVITZ, | * | |
| CAROLINE FIELDS, and | | |
| JENNIFER ROCHINO | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Jerome Grant, II filed the above-entitled action on December 27, 2016, together with a Motion for Temporary Restraining Order. (ECF No. 2). Plaintiff paid the full filing fee. The Court denied the Motion by Order dated January 3, 2017. (ECF No. 5). For the reasons outlined below, the Complaint must be dismissed.

The Complaint concerns Grant's allegation that a prior settlement agreement reached in this Court[1] between himself and a mortgage loan servicer for consumer debt collection violations should have precluded Defendant, a subsequent servicer of the loan, from foreclosing on the property. Plaintiff raised this argument unsuccessfully in the Circuit Court for Anne Arundel County, Maryland in the context of the foreclosure proceeding. (See ECF No. 1 Exs. 12–14). When he appealed the court's decision to the Maryland Court of Special Appeals and sought certiorari review with the Court of Appeals, the Court of Special Appeals affirmed the judgment

---

[1] See Grant v. Specialized Loan Servicing, Civil Action GLR-13-3366 (D.Md.).

against him and the Court of Appeals denied certiorari.  See Rosenberg v. Grant, No. C02CV15001263 (Cir. Ct. Anne Arundel Co.).

In his Complaint, Grant states that a notice of impending foreclosure dated December 7, 2016, indicates the property would be sold at auction on January 4, 2017.  (ECF No. 1 Ex. 17).  He states that the Circuit Court's decision violates his constitutional rights (see ECF 1 at 9–10) and that the loan documents NationStar provided in the foreclosure proceedings are counterfeit, making NationStar guilty of engaging in mortgage fraud (id. at 10–11).  The latter allegation is what Grant bases his Fair Debt Collection Practices Act claim upon and what Grant asserts as a basis for finding the foreclosure proceedings improper.  (Id. at 32–34).

Grant's claims have been fully litigated in state court and the Complaint appears to be a thinly veiled attempt to present identical claims to this Court.  "Under the Rooker-Feldman[2] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Am. Reliable Ins. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994)).  The Rooker-Feldman doctrine is jurisdictional, Am. Reliable Ins. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) and, as such, this Court is free to raise it sua sponte.  See Jordahl v. Democratic Party of Va., 122 F.3d 192, 197 n.5 (4th Cir. 1997).  While Plaintiff here attempts to couch his claims as arising under the Truth in Lending Act and Fair Debt Collection Practices Act, the basis of those claims are that the foreclosure proceeding was incorrectly decided by the state court.  The Complaint, therefore, will be dismissed.

---

[2] D.C. Ct. of App. v. Feldman, 460 U.S. 462, 482, (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

A separate Order follows.

<u>January 31, 2017</u>             _____/s/_____
Date                                             George L. Russell, III
                                                 United States District Judge

3